**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JOSE STRAYHORN, | : | CIVIL ACTION NO. |
| BOP Reg. # 27503-044, | : | 1:14-CV-02757-WSD-JCF |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN DREW, | : | HABEAS CORPUS |
| Respondent. | : | 28 U.S.C. § 2241 |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Petitioner, confined at the United States Penitentiary in Atlanta, Georgia, challenges via a 28 U.S.C. § 2241 habeas corpus petition his 180-month Armed Career Criminal Act ("ACCA") sentence, which he received in the United States District Court for the Eastern District of Missouri in 2010 for being a felon in possession of a firearm. (Doc. 1; *see* Doc. 6); *see also United States v. Strayhorn*, 409 Fed. Appx. 979, 980 (8th Cir. 2011) ("[Petitioner] pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possession of crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and punishable under 21 U.S.C. § 841(b)(1)(C). Based on [his] prior criminal history, the district court sentenced him as an armed career criminal under 18 U.S.C. § 924(e) and imposed the mandatory minimum sentence of 180 months' imprisonment." (footnote omitted)).

Petitioner claims that in light of the holding in *Descamps v. United States*, 133 S. Ct. 2276 (2013), one of the predicate offenses underlying the ACCA enhancement of his firearm sentence, the burglary offense, no longer qualifies as a crime of violence and thus as a predicate supporting the ACCA enhancement. (Doc. 1 at 12-13). He asks to be resentenced without the enhancement. (*Id.* at 20).

The "savings clause" of 28 U.S.C. § 2255(e) allows a federal prisoner to bring a habeas corpus petition, seeking relief otherwise available only via a § 2255 motion to vacate his sentence, if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). In the Eleventh Circuit, a petitioner may invoke the savings clause only when his § 2241 claim arises from a Supreme Court decision, issued "subsequent to his first § 2255 proceeding," that at a minimum both applies retroactively to cases on collateral review and overturns controlling Circuit precedent that had "squarely foreclosed" the claim in petitioner's trial court proceedings, on direct appeal, and in his first § 2255 motion. *Bryant v. Coleman*, 738 F.3d 1253, 1274 (11th Cir. 2013). "[W]hether the savings clause in § 2255(e) may open the portal to a § 2241 petition is a threshold jurisdictional issue that must be decided before delving into the merits of the petitioner's claim and the applicable defenses." *Id.* at 1262 (internal quotations

2

omitted).  "The burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy rests squarely on the petitioner." *Turner v. Warden Coleman FCI*, 709 F.3d 1328, 1333 (11th Cir. 2013).

Petitioner raised his *Descamps* claim in a supplemental brief filed during his initial § 2255 proceedings, which claim the § 2255 court addressed on the merits. *See Strayhorn v. United States*, No. 1:12 CV 44 RWS, 2014 U.S. Dist. LEXIS 45216, at *24-25 (E.D. Mo. Apr. 2, 2014) ("In *Descamps*, the Court held that the California burglary statute that does not require unlawful breaking and entering as an element does not qualify as a predicate offense for the ACCA. *Id.* at 2285-2286. Because of this holding, [Petitioner] alleges that his burglary should also not qualify as a predicate offense under the ACCA. *Descamps* does not affect [Petitioner's] case because [he] was convicted of second degree burglary not in California but in Missouri, in which that crime has been repeatedly held to constitute a violent felony for purposes of the ACCA."); *see id.* at *26 (denying Petitioner a certificate of appealability).

As the foregoing demonstrates, Petitioner does not rely here on a Supreme Court decision issued after the denial of his first § 2255 motion, a prerequisite to invoking the § 2255(e) savings clause. *See Bryant*, 738 F.3d at 1274.  Petitioner thus has not properly invoked the § 2255(e) savings clause, and the Court lacks jurisdiction to

3

entertain his § 2241 petition. *See id.* at 1262.

**IT IS THEREFORE RECOMMENDED** that Petitioner's 28 U.S.C. § 2241 habeas corpus petition (Doc. 1) be **DISMISSED** for lack of jurisdiction.[1]

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**SO RECOMMENDED** this 2nd day of February, 2015.

                                     /s/ *J. CLAY FULLER*
                                     J. CLAY FULLER
                                     United States Magistrate Judge

---

[1] A federal prisoner does not require a certificate of appealability to appeal the dismissal of a § 2241 petition. *See Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).