IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOSE STRAYHORN,

                Petitioner,

v.

WARDEN DREW,

                Respondent.

1:14-cv-2757-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge J. Clay Fuller's Final Report and Recommendation [9] ("R&R"). The R&R considers Petitioner Jose Strayhorn's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") [1]. The Magistrate Judge recommended that the Petition be dismissed for lack of jurisdiction.

### I.    BACKGROUND

In 2010, Petitioner pleaded guilty to being a felon in possession of a firearm and possession of crack cocaine with the intent to distribute. United States v. Strayhorn, 409 F. App'x 979, 980 (8th Cir. 2011). Based on Petitioner's prior criminal history, the United States District Court for the Eastern District of Missouri ("Sentencing Court") sentenced him as an armed career

criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and imposed the mandatory minimum sentence of 180 months' imprisonment.  Id.

On March 12, 2012, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 ("Motion") in the Sentencing Court.[1]  On July 12, 2013, Petitioner filed a supplemental brief ("Supplemental Brief") to his Motion.[2]  In his Supplemental Brief, Petitioner argued that the Supreme Court decision in Descamps v. United States, 133 S. Ct. 2276 (2013), held that a California burglary statute that does not require unlawful breaking and entering as an element does not qualify as a predicate offence for the ACCA and that, therefore, Petitioner's prior burglary conviction should not qualify as a predicate offence under the ACCA.  Strayhorn v. United States, No. 1:12 CV 44 RWS, 2014 WL 1315895, at *5 (E.D. Mo. Apr. 2, 2014).  On April 2, 2014, the Sentencing Court denied Petitioner's Motion.  Id. at *10.

On August 25, 2014, Petitioner, currently an inmate at the United States Penitentiary in Atlanta, Georgia, filed his Petition pursuant to 28 U.S.C. § 2241, challenging his 180-month armed career-criminal enhancement, invoking the savings clause under 28 U.S.C. § 2255(e).  In his Petition, Petitioner raises the

---

[1]   Strayhorn v. United States, Case No. 12-cv-44 (E.D. Mo.) (Docket No. 1).
[2]   Id. (Docket no. 16).

same Descamps claim that was previously raised in, and rejected by, the Sentencing Court. (Petition at 12-13, 20).

On February 2, 2015, the Magistrate Judge issued his R&R, recommending that the Petition be dismissed for lack of jurisdiction, because Petitioner raised his Descamps claim in his prior Motion before the Sentencing Court and, thus, the savings clause does not apply. (R&R at 3-4). Petitioner did not file any objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which a party has not asserted objections, the district judge must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983)

B.   Analysis

Petitioner did not object to the Magistrate Judge's R&R.  The Court thus reviews the Magistrate Judge's findings and recommendations for plain error.  See Slay 714 F.2d at 1095.

28 U.S.C. § 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

28 U.S.C. § 2255(e) (emphasis added).  The emphasized portion is commonly referred to as the "savings clause."  Bryant v. Coleman, 738 F.3d 1253, 1274 (11th Cir. 2013).  "[W]hether the savings clause in § 2255(e) may open the portal to a § 2241 petition is a 'threshold' jurisdictional issue that must be decided before delving into the merits of the petitioner's claim and the applicable defenses.  Id. at 1262.  To invoke the savings clause, the Supreme Court decision a petitioner relies upon must have been issued subsequent to the petitioner's first 28 U.S.C. § 2255 motion.  Id. at 1274

It is undisputed that Petitioner previously sought relief in the Sentencing Court in reliance on Descamps, and that the Sentencing Court denied Petitioner

4

relief, noting that the burglary statute in Missouri has been repeatedly held to constitute a violent felony for purposes of the ACCA.  Strayhorn v. United States, No. 1:12 CV 44 RWS, 2014 WL 1315895, at *5, *9-*10 (E.D. Mo. Apr. 2, 2014).  The Magistrate Judge correctly noted that Petitioner raised his Descamps claim in his original Motion, which barred Petitioner from invoking the savings clause.  (R&R at 3-4).  The Court finds no plain error in Magistrate Judge's findings and recommendation that this action be dismissed for lack of jurisdiction.  See Slay, 714 F.2d at 1095; 28 U.S.C. § 2255(e).

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge J. Clay Fuller's Final Report and Recommendation [2] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner Jose Strayhorn's Petition for Writ of Habeas Corpus [1] is **DISMISSED**.[3]

---

[3]   Petitioner, as a federal prisoner seeking relief pursuant to 28 U.S.C. § 2241, does not need a certificate of appealability to appeal the Court's dismissal of his Petition.  See Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).  The Court, thus, declines to address whether a certificate of appealability is warranted in this action.

**SO ORDERED** this 19th day of May, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE